GLICKSTEIN, Judge,
concurring in part and dissenting in part.
I concur with all of the majority’s decision except for the reversal and remand for determination of equitable distribution. The Equitable Distribution Statute, section 61.075, Florida Statutes (Supp.1988), does not control the instant case as the petition was filed prior to October 1, 1988. Had it applied, interruption of the former wife’s career, one of the express criteria, would have justified equitable distribution of the enhanced value in the former husband’s retirement plan and savings account.
As I view the facts of the instant case, the duration of the “marital team” was at most of one year and five months. The parties married in September 1985 and separated in February 1987. The former husband had established his own economic success in that he had been employed at the same job for approximately twenty years. The wife’s contribution to the marriage consisted almost exclusively of watching over the parties’ one child and doing some grocery shopping. The evidence indicates that a housekeeper cleaned the house on a weekly basis.
In the final analysis, I believe that it was not an abuse of discretion for the trial judge to deny the former wife an equitable distribution of the increase in value of the husband’s assets. The facts that the marriage was of very short duration and that the former wife’s contribution as a homemaker was minimal are substantiated by the record.